# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DENNIS LONG, | ) |
| Plaintiff, | ) |
| v. | ) CV624-003 |
| JACOB BEASLEY, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dennis Long has filed this 42 U.S.C. § 1983 lawsuit related to an attack he suffered while incarcerated at Smith State Prison. *See* doc. 1 at 4-5. The Court previously noted that he had failed to fully comply with the Court's prior Order granting him leave to proceed *in forma pauperis*. *See* doc. 6 at 1, 5. It also directed him to show cause why his case should not be dismissed as malicious because he misrepresented his financial status in his application to proceed *in forma pauperis*. *Id.* at 1-5. He has responded to the Court's show-cause Order.[1] Doc. 7. As

---

[1] Long's response is deemed filed several days after the prior Order's deadline. *Compare* doc. 6 at 4-5 (requiring response no later than March 6, 2024), *with* doc. 7 at 4 (signed March 8, 2024) *and, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (under the "prison mailbox rule," a prisoner's pleading is deemed filed on the date he submits it to prison authorities for mailing, presumed to

discussed below, his response confirms that his original application misrepresented his financial status. He has also failed to fully comply with the Court's instructions. For either of those independently sufficient reasons, therefore, his Complaint should be **DISMISSED**. Doc. 1.

As the Court previously explained, doc. 6 at 1-2, Long's application to proceed *in forma pauperis* stated that he had not received any money within the twelve months prior to his filing, *see* doc. 2 at 1-2. He also stated that the balance in his prison trust account was $0.00 and he had not received any deposits to that account within the prior six months. *Id.* at 2. He returned the Prisoner Trust Account Statement form, completed by the custodian of his prison trust account. *See* doc. 5. Contrary to his statements in his application, that form discloses that he had average monthly deposits of $263.33 during the six months preceding his Complaint and an average monthly balance of $1,580. *Id.* at 1. Although the accounting attached to that form appears incomplete and only

---

be the date it is signed.). Regardless of whether the response is untimely, as explained below, it is clear that Long's Complaint should be dismissed. The untimeliness of his submission, therefore, is moot.

indicates a balance of $30.66, it reflects numerous deposits into his account beginning in September 2023 and continuing into 2024. *Id.* at 3.

Long's response to the Court's Order directing him to explain the discrepancy described above is somewhat extraordinary. First, he contends that "the document that the Court is referencing[, in the prior Order,] was not created by the Plaintiff." Doc. 7 at 3. That is obviously false. The application the Court cited is handwritten and signed by Long. *See* doc. 2. He then concedes that "for the purpose of bringing clarification as well as closure to this issue the Plaintiff agrees that he has had a monthly balance of $263.33 during the six months preceding his Complaint." Doc. 7 at 4. However, the information from his account custodian shows, instead, that he had average monthly *deposits* of $263.33 and an average monthly *balance* in his account of $1,580.00. Doc. 5 at 1. Regardless of the apparent confusion, Long concedes that his original application's statements, under penalty of perjury, that his account's balance was "zero" and the average deposits for the six months prior to filing the Complaint was "zero" were false.

Courts, including this Court, have recognized that dismissal is an appropriate sanction when a plaintiff provides false financial information

3

in support of an application to proceed *in forma pauperis*. *See, e.g., Wise v. Forth*, 2011 WL 1637411, at *1 (S.D. Ga. Apr. 29, 2011); *see also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."). Long's failure to even attempt to explain why his initial application included false information justifies dismissal. *See, e.g., Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Daker v. Owens*, 2023 WL 8254348, at *6 (11th Cir. Nov. 29, 2023) ("The purpose of § 1915 is to weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled." (quoting *Camp v. Oliver*, 798 F.2d 434, 438 n. 3 (11th Cir. 1986)) (internal quotation marks omitted)). Average monthly deposits of approximately $263, to say nothing of average monthly balances in excess of $1,500, preclude Long from proceeding *in forma pauperis*.

4

In addition to the inaccuracies in Long's financial disclosures, the Court also noted that he had failed to comply with its instruction that he return the Consent to Collection of Fees from Trust Account form. *See* doc. 6 at 5. He was expressly warned that his failure to return that form would result in dismissal of his case for failure to comply with court orders or to prosecute it. *See id.* (citing Fed. R. Civ. P. 41(b)). A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga.

L.R. 41.1(b), (c). Long's failure to properly execute and return the required form, despite the Court's warning, warrants dismissal.

Accordingly, for either of the independently sufficient reasons identified above, Long's Complaint should be **DISMISSED**. Doc. 1. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>18th</u> day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA